**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PATRICK CHRISTIAN, | |
| Plaintiff, | Civil Action No. 20-2952 (JMC) |
| v. | |
| WALMART, | |
| Defendant. | |

<u>**MEMORANDUM OPINION**</u>

This matter is before the Court on Defendant Walmart's Motion to Dismiss Plaintiff Patrick Christian's complaint. ECF 7. For the reasons discussed below, the Court **GRANTS** Walmart's motion and **DISMISSES** this case.

## I.    BACKGROUND

Christian shops at Walmart, a company he describes as "a domestic supermarket chain with stores in . . . Washington[,] D.C., Maryland, & Virginia." ECF 1 ¶ 1. He alleges that no fewer than two dozen of Walmart's "Great Value" label products "cause[d] [him] to have a sore throat, flu-like symptoms, blurred vision, and other discomforts." *Id.* ¶¶ 2-4. Christian claims that "after reasonable consideration," he "realize[d]" that Walmart must have added some "hazardous substance" to its products, which he calls "Malicious Adulteration." *Id.* ¶¶ 4, 7. He alleges that Walmart's products will cause consumers "terminal illness and/or blindness." *Id.* ¶ 5.

Christian's suit seeks damages for Walmart's "Malicious Adulteration," *id.* ¶¶ 4-5; failure to warn customers that its products are "adulterat[ed]," *id.* ¶ 9; breach of an implied promise to offer products that are fit for consumption and conform to their listed ingredients, *id.* ¶¶ 13-14, 16-

17; and its purported violation of a host of federal and state statutes, including provisions of the D.C. Code that relate to "Adulteration," *id.* ¶ 11.[1]

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not include much detail, but it has to offer something more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to withstand dismissal. *Twombly*, 550 U.S. at 555.

Christian is pro se, and thus the Court must hold his complaint to a less stringent standard than it would an attorney-drafted pleading. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Even so, his complaint must still "plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678-79). Pro se or not, the Court is not required to accept Christian's inferences if such inferences are not supported by the facts alleged. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

---

[1] The statutes that Christian identifies include: D.C. Code Ann. §§ 48-102-48-110 (adulteration provisions of the District's Code governing food); D.C. Code Ann. § 48-201 (repealed 2002); 15 U.S.C. §§ 2051-2089 (governing uniform safety standards for consumer products); 15 U.S.C. §§ 1471-1477 (regarding special packaging of household substances to protect children); 21 U.S.C. §§ 301-392 (Federal Food, Drug, and Cosmetics Act); 21 U.S.C. §§ 601-695 (relating to inspection of meat); Ark. Code Ann. §§ 20-56-208, 20-56-212 (governing adulterated food and cosmetics); Va. Code Ann. §§ 59.1-196-59.1-207, 3.1-386-3.1-419 (Virginia Consumer Protection Act and repealed Virginia Agriculture, Horticulture and Food provisions); Md. Code Ann., Health-Gen. §§ 21-207-21-215 (food provisions of Maryland Food, Drug & Cosmetics Act).

### III.   ANALYSIS

Christian's complaint fails to state any viable claims and is thus dismissed. The D.C. Code provisions he cites that ban the sale of adulterated food are enforced by the District's Mayor and do not provide a private right of action. *See* D.C. Code Ann. § 48-104(a); (b); *see also id.* § 48-108.01 (listing Mayor's enforcement options). The other statutes that he cites either similarly lack any private right of action, i.e., 21 U.S.C. §§ 301-392, D.C. Code Ann. §§ 48-102-48-110; have nothing to do with his allegations, i.e., 15 U.S.C. §§ 2051-2089, 15 U.S.C. §§ 1471-1477, 21 U.S.C. §§ 601-626; are repealed, D.C. Code Ann. § 48-201; or are out-of-jurisdiction state laws that would not govern this case, i.e., Ark. Code Ann. §§ 20-56-208, 20-56-212; Va. Code Ann. §§ 59.1-196-59.1-207, 3.1-386-3.1-419; Md. Code Ann., Health-Gen. §§ 21-207-21-215. And his allegations are too conclusory for his remaining claims to proceed.

Nothing in the complaint supports Christian's conclusion that Walmart is poisoning its customers, tampering with its products, or acting negligently. And he proffers no facts to support his "realiz[ation]," ECF 1 ¶ 4, that Walmart's alleged conduct caused his claimed injuries, as he must do at the pleading stage. *See, e.g.*, *Briscoe v. United States*, 268 F. Supp. 3d 1, 15-16 (D.D.C. 2017) (dismissing plaintiffs' negligence claim for their failure plausibly to allege that any breach of duty proximately caused their alleged injuries); *see also, e.g.*, *Rollins v. Wackenhut Servs.*, 802 F. Supp. 2d 111, 124 (D.D.C. 2011) (dismissing a complaint's products-liability and failure-to-warn claims as "vague and conclusory" where the complaint stated, without additional factual support, that defendants sold a "product in a defective condition [that is] unreasonably dangerous to users and consumers . . ." (alteration in original) (citations omitted)). Christian does not even allege when he consumed these items, any facts to support his belief that Walmart's products made

him sick, or how he made the leap to conclude that these products cause "terminal illness." ECF 1 ¶ 5. His allegations are insufficient to allow this case to go forward.

Christian does not dispute that his factual allegations are sparse, but he claims that he needs to conduct discovery and test Walmart's products. ECF 11 at Page ID #4, 9. That is not how litigation works. Christian's vague, conclusory, and implausible allegations do not trigger any entitlement to discovery, and the Court will not subject Walmart to further litigation of this matter.

## IV.    CONCLUSION

A complaint must contain more than a plaintiff's suspicions of misconduct. Christian's complaint does not satisfy this low bar. Because this Court cannot accept Christian's unsubstantiated theories couched as factual allegations, Walmart's motion is **GRANTED,** and this case is **DISMISSED**. An Order is issued separately.


DATE: March 1, 2022



_____
Jia M. Cobb
U.S. District Court Judge